UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EFRAIN C. G.,

                 Petitioner,

       v.

ORESTES CRUZ et al,

                 Respondents.

No. 1:26-cv-03363-RLP

ORDER GRANTING HABEAS PETITION

Before the Court is Petitioner EFRAIN C. G.'s [1] ("Petitioner") petition for

---

[1] The Court uses only the first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION ~ 1

writ of habeas corpus and motion for temporary restraining order and preliminary injunction. ECF Nos. 1, 3. As set forth below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 1993. He was living in Mendota, California, at the time he was taken into custody. ECF No. 1 at 13. Petitioner indicates he has been working in the United States since his arrival. ECF No. 1 at 14.

According to Petitioner, on December 24, 2025, he was arrested following a domestic violence episode in which Petitioner was "stalked by his wife" and which left him with visible injuries.[2] *Id.* He was arrested on suspicion of vandalism and alleged possession of a small amount of cocaine. *Id.* Plaintiff states that on April 7, 2026, he appeared at the Fresno County Superior Courthouse to inquire regarding the status of any charges resulting from the December 2025 incident. *Id.* at 14.

---

[2] The date of the December incident is not clear from the record. Petitioner's I-831 form indicates he was arrested on December 27, 2025 for possession of controlled substance. ECF No. 6-1 at 2. His criminal history record indicates he was arrested on December 22, 2025, for misdemeanor possession of a controlled substance. ECF No. 6-1 at 7.

ORDER GRANTING HABEAS PETITION ~ 2

According to Petitioner's I-831 form, he was scheduled to appear at 8:30 a.m. on that date for a hearing related to the pending criminal charges. ECF No. 6-1 at 2. After clearing the security checkpoint, Petitioner was arrested by ICE. *Id.*

Petitioner has no prior criminal history, other than misdemeanor traffic violations, and no prior immigration history. ECF No. 6-1 at 3, 6-7. Petitioner states he is still unclear whether any charges have been filed in the December 2025 matter, but Respondent filed a printout showing a misdemeanor possession charge resulted from the incident. ECF No. 6-1 at 7.

Petitioner has been detained without hearing since April 7, 2026. On May 1, 2026, Petitioner filed an application for a temporary restraining order and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 3. He asserts that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), but requests release on the basis that even though he is entitled to a bond hearing, such a hearing has not been provided, and that in any event, a bond hearing would not be a fair hearing. ECF No. 1, 7. On May 7, 2026, Respondents filed a response contending that Petitioner's detention is mandatory as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). ECF No. 6. Alternatively, Respondents argue that if the Court finds Petitioner is detained under 8 U.S.C. § 1226(a), a bond hearing is the appropriate remedy.

ORDER GRANTING HABEAS PETITION ~ 3

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner contends he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a) and that by denying him a bond hearing, Respondents violate his statutory rights under the INA and his due process rights under the Fifth Amendment.[3] Petitioner requests release or, alternatively, a bond hearing.

---

[3] Although Petitioner references challenging his detention "as a matter of due process under the Fifth Amendment," ECF No. 1 at 6, Petitioner primary argument and claim for relief is based on violation of the INA, ECF No 1 at 14-15. Because

ORDER GRANTING HABEAS PETITION ~ 4

Respondents argue that if relief is granted, a bond hearing is the appropriate remedy.

IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the

---

the Court finds proper construction of the INA affords relief, the Court need not discuss a due process analysis.

ORDER GRANTING HABEAS PETITION ~ 5

initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

Respondents acknowledge Courts in this district have rejected the government's standard position that noncitizens who unlawfully enter the country are subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 6 at 2. Indeed, this Court has joined countless other courts in concluding the government's usual interpretation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

The Court concludes Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A) and was thus wrongfully denied a bond hearing under Section 1226(a). Petitioner is entitled to a bond hearing to try to establish that he

ORDER GRANTING HABEAS PETITION ~ 6

does not present a danger to national security or pose a risk of flight.

Petitioner cites news articles attached to his petition for the proposition that bond hearings "have predetermined outcomes in the current administration and that due process is unavailable in these bond hearings." ECF No. 7 at 2 (referencing ECF No. 1-2 at 4-32). Petitioner alleges mandatory detention is the "only objective" of Respondents and that the outcome of court mandated bond hearings is "predetermined that the detainee will be found to be a danger or a flight risk, even when no evidence is presented by the government." *Id.* Petitioner further alleges there is "no possibility" that Petitioner will be given "any due process" if he is given a bond hearing. *Id.* Petitioner therefore urges the Court to order his immediate release.

The Court declines to order immediate release on this basis. The Court is not inclined to provide prospective relief from what is at this point nothing more than a hypothetical due process violation. Petitioner asks the Court to find that a potential bond hearing is per se a violation of due process based on nothing more than news articles. This Court does not take judicial notice of news articles as a form of evidence or rely on them in evaluating due process. However, the Court agrees that Petitioner is entitled to a bond hearing as set forth below.

**Accordingly, IT IS ORDERED:**

1.    The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

ORDER GRANTING HABEAS PETITION ~ 7

2.      The motion for temporary restraining order and preliminary injunction, **ECF No. 3**, is **DENIED as moot.**

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

4.      Within 3 days from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order.

**IT IS SO ORDERED.**

DATED April 30, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 8